**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 19 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

BRADLEY VIRGIL HARP,

　　　　Petitioner-Appellant,

v.

JOEL KNOWLES, Warden,

　　　　Respondent-Appellee.

No. 98-1058
(District of Colorado)
(D.C. No. 97-D-2533)

ORDER AND JUDGMENT[*]

Before **BALDOCK**, **EBEL,** and **MURPHY**, Circuit Judges.

After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Bradley V. Harp, proceeding *pro se*, appeals the district court's dismissal of Harp's 28 U.S.C. § 2241 petition. Although his *pro se* petition is best described

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

as cursory, Harp argues that the Bureau of Prisons "has abused its discretion and authority by taking over 1700 days [of good time credits] for simple rule infractions." The district court noted that although it was obligated to liberally construe Harp's *pro se* petition, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1994), it was correspondingly obligated to dismiss the petition on the grounds that it was vague and conclusory and did not set forth any specific facts regarding the actions of the Bureau of Prisons. Instead, Harp's claims for relief seem to be predicated on his claim that he was rehabilitated and that his elderly mother was afraid she would never get to see him again. The district court noted that it did not have legal authority to restore the good time credits on these bases. Harp appeals. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms**.[1]

This court has reviewed Harp's appellate brief, the district court's Order, and the entire record on appeal. Based upon that review, we **AFFIRM** for substantially those reasons set out by the district court in its Order dated February 3, 1998. Furthermore, because Harp has not presented a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal, we **DENY** his request to proceed *in forma pauperis* on appeal.

---

[1]A certificate of appealability under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), is not required in order to appeal a final order in a proceeding under 28 U.S.C. § 2241. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997).

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge